# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RIVERBEND LAND, LLC,        )
                                        )
              Plaintiff,    )
                                          )
v.                          )    Case No. CIV-18-0247-F
                                          )
FIRST AMERICAN TITLE      )
INSURANCE COMPANY,      )
                                          )
             Defendant.   )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant First American Title Insurance Company's Motion for Judgment on the Pleadings. (Doc. no. 18). Plaintiff has responded to the motion and defendant has replied. The motion is now at issue and the court makes its determination.

I. Background

On February 13, 2018, plaintiff Riverbend Land, LLC ("Riverbend") filed suit in the District Court of Oklahoma County against defendant First American Title Insurance Company ("First American") alleging claims of negligence, breach of contract, and bad faith. Plaintiff Riverbend owns a tract of land in fee simple "located at the southwest corner of the intersection of Rockwell Avenue and West Memorial Road." (Doc. no. 1-1, p. 2).[1] Plaintiff Riverbend's complaint alleges that "Defendant insured that the Plaintiff held 'fee simple' title which includes abutter's and access rights, subject only to certain limited exceptions. Defendant did not list any exceptions or exclusions from coverage regarding abutter's rights, nor any

---

[1] This order uses ecf page numbers.

restrictions on access, in the Title Policy." (Doc. no. 1-1, p. 2). Plaintiff Riverbend entered into a contract for sale of the land tract to Cruse Memorial LLC ("Cruse") and was notified by the broker that there "was a claim by the Oklahoma Turnpike Authority" ("OTA") against the property. (Doc. no. 1-1, p. 3).  As a result of this claim, the contract between plaintiff Riverbend and Cruse was terminated.  Plaintiff Riverbend demanded that defendant First American "defend the title insured . . . and to take actions to eliminate the OTA claim to abutter's rights." (Doc. no. 1-1, p. 3). Plaintiff Riverbend alleges that defendant American Title "failed and refused to take any action with respect to the OTA claims." (Doc. no. 1-1, p. 3).

II. Standard

Rule 12(c) provides the basis for a motion for judgment on the pleadings: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) also dictates that:

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  Rule 12(c) motions for judgment on the pleadings are treated as Rule 12(b)(6) motions. See Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). The court must accordingly "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "If a plaintiff does not incorporate by reference or attach a

document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). This Court will not grant a Rule 12(c) motion "unless the moving party has clearly established that no material issue of fact remains to be resolved and the part is entitled to judgment as a matter of law." U.S. v. Any And All Radio Station Transmission Equipment, 207 F.3d 458, 462 (8th Cir. 2000).

## III. Discussion

### A. Negligence

Defendant seeks to dismiss plaintiff's first cause of action because defendant argues that plaintiff cannot state a claim for negligence. Defendant argues that "Oklahoma courts have held in analogous circumstances that an insured has no negligence claim against its insurer." (Doc. no. 18, p. 14). Plaintiff argues that "[b]ecause of First American's grossly negligent title examination and disclosure, Riverbend is now stuck with unmarketable title (extremely limited abutter's rights) to a property which Riverbend bought for $1.7 million while justifiably relying on First American's statutorily-required title examination and disclosure." (Doc. no. 24, pp. 14-15). Plaintiff also argues that defendant had a duty to disclose and "[u]nder Oklahoma statutory and regulatory law governing title insurance, and under the limited Oklahoma case law dealing with title insurance, there is a duty owed by the title insurer to perform a reasonable title examination to uncover defects in title during the title insurance process."  (Doc. no. 24, p. 17). In defendant's reply, defendant argues in substance that a title insurer's failure to discover or disclose all potential title defects when it obtains the obligatory abstract examination or title opinion does not give rise to a private right of action in negligence.  (Doc. no. 30, p. 12).

In its Petition and Response, plaintiff uses the terms gross negligence and negligence interchangeably when referencing its First Cause of Action. "Gross negligence is '[t]he intentional failure to perform a manifest duty in reckless disregard of the consequences or in callous indifference to the life, liberty or property of another [which] may result in such a gross want of care for the rights of others and the public that a finding of a willful, wanton, deliberate act is justified.'" Palace Exploration Co. v. Petroleum Development Co., 374 F.3d 951, 954 (10th Cir. 2004) (quoting Fox v. Oklahoma Mem'l Hosp., 774 P.2d 459, 461 (Okla. 1989)); see also Okla. Stat. tit. 25, § 6. Viewing the facts in the light most favorable to plaintiff, the court finds that plaintiff has not stated a claim for gross negligence and as a result, plaintiff's gross negligence claim will be dismissed.

Next, the court will address plaintiff's negligence claim. Generally, "Oklahoma law does not provide for a negligence claim against an insurer by its insured." Tolman v. Reassure America Life Insurance Company, 391 P.3d 120, 123 (Okla. Civ. App. 2017). Additionally, as the Oklahoma Court of Civil Appeals has observed, the District Court for the Eastern District of Oklahoma has "noted that the Oklahoma Supreme Court has not recognized a cause of action for simple negligence against one's insurance company." Tolman, 391 P.3d at 123 (citing Murchison v. Progressive Northern Ins. Co., 572 F.Supp.2d 1281, 1284 (E.D. Okla. 2008)). "Mere negligence does not give rise to a claim by an insured against its insurer." Burton v. Progressive Northern Ins. Co., 2010 WL 4167392 at *3.

> 'In Christian v. American Home Assur. Co., 577 P.2d 899 (Okla. 1977), [the Oklahoma Supreme Court] clearly recognized *the two* causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith.' Lewis v. Farmers Ins. Co., Inc., 681 P.2d 67, 69 (Okla. 1983)(emphasis added). Of the two actions an insured may bring against an insurer, the breach of contract action sounds in contract and the bad faith action sounds in tort. Based on the language in Lewis, it does not appear

that a separate tort action for negligence in paying an insurance claim exists. Tort liability may be imposed against an insurer 'only if there is a clear showing that the insurer, in bad faith unreasonably withholds payment of the claim.' *Id.*

Murchison v. Progressive Northern Ins. Co., 572 F.Supp.2d 1281, 1284 (E.D. Okla. 2008). In its Motion, plaintiff cites Choate v. Lawyers Title Insurance Corporation, 385 P.3d 670, 683 (Okla. Civ. App. 2016) for the proposition that First American has a statutorily prescribed duty to get an attorney's title examination and title opinion. Plaintiff also relies on American Title Ins. Co. v. M-H Enterprises, 815 P.2d 1219 (Okla. Civ. App. 1991) for the proposition that a title insurer is negligent if it fails to identify title defects and the purchaser relies on the title insurer's representations in purchasing the property. Plaintiff asserts that Okla. Stat. tit. 36 § 5001(C)(1) establishes defendant's duty. The court notes that American Title is not binding precedent and is distinguishable on the facts. After a search of the relevant case law, this Court does not find there is a common law duty separate from defendant's contractual duties in this instance. Moreover, "[i]f every insured could bring a claim for negligence against the insurer under the insurance contract, there would be no need for claims of breach of contract and bad faith. Negligence actions would swallow insurance jurisprudence." Murchison, 572 F.Supp.2d at 1284.

Plaintiff's negligence claim is dismissed with prejudice as it appears that any attempt to amend the negligence claim against First American would be futile. Defendant's Motion for Judgment on the Pleadings as to plaintiff's negligence claim – whether for gross or simple negligence – is granted.

B. Breach of Contract

Defendant argues that plaintiff has failed to state a claim for breach of contract. Defendant argues that plaintiff's allegations "are insufficient to push Riverbend's breach of contract claim into the realm of plausibility because the plain

language of the Policy does not provide coverage for rights in abutting property and OTA's 'claims' do not render title to the Property unmarketable." (Doc. no. 18, p. 17). "In Oklahoma, interpretation of an insurance contract is a matter of law." Boggs v. Great Northern Ins. Co., 659 F.Supp.2d 1199, 1204 (10th Cir. 2009). In order to state a breach of contract claim, "a plaintiff must show: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Bayro v. State Farm Fire & Cas. Co., 2015 WL 4717166, at *1 (W.D. Okla. Aug. 7, 2015) (citing Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001)). Once coverage has been established, "the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy." Pitman v. Blue Cross and Blue Shield of Okla., 217 F.3d 1291, 1298 (10th Cir. 2000). Here, plaintiff and defendants have formed a contract, specifically the title insurance policy. Plaintiff alleges defendant breached the contract by failing to cure the title or to defend OTA's claims which have rendered the title unmarketable and/or diminished the property value. In essence, plaintiff asserts that a predecessor in title signed away "abutters rights" appurtenant to the property covered by the title policy and that that amounts to a defect in the insured fee simple title. Beyond that, the exact nature of the "abutter's rights" problem is neither fleshed out in the pleadings nor discussed at any length in the motion papers. But the court is satisfied, for purposes of application of the standard applicable to defendant's motion, that plaintiff has plausibly pleaded itself into court on the contract claim. It may well be that the viability of the contract claim can be adjudicated one way or the other at the summary judgment stage, but that is a matter for another day. Plaintiff has also alleged damages because of this breach of contract. The court finds that plaintiff has stated a claim for relief plausible on its face. Consequently, the Motion for Judgment on the Pleadings will be denied as to the breach of contract claim.

## C. Abstracting Claim

Defendant argues that any claim based on improper abstracting "fails under the specific statute of repose governing abstracting claims." (Doc. no. 18, p. 25). Additionally, Defendant argues that "[e]ven if the statute of repose is not applicable, any claim for improper or negligent abstracting is barred by Oklahoma's general statutes of limitations." (Doc. no. 18, p. 25). Plaintiff responds that its "claims are not based on negligent abstracting" but are based on "grossly-negligent performance of the title insurance attorney examination and opinion process . . . and breach of the entire title insurance policy." (Doc no. 18, p. 24). This action will accordingly proceed on the basis that plaintiff does not assert a negligent abstracting claim.

## C. Bad Faith

Defendant alleges plaintiff has not pled a bad faith claim and that because the breach of contract claim must be dismissed, so must plaintiff's bad faith claim be dismissed. Defendant argues that "to state a claim for bad faith, Riverbend must show that FATIC is liable under the Policy." (Doc. no. 18, p. 24). "[T]he essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy. McCorkle v. Great At. Ins. Co., 637 P.2d 583, 587 (Okla. 1981). Defendant must also reasonably investigate plaintiff's claim. "[W]hen presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances and the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." Newport v. USAA, 11 P.3d 190, 195 (Okla. 2000) (citations omitted). Plaintiff alleges that defendant has unjustly withheld payment under the title insurance policy and as a result, defendant has acted in bad faith. Because the contract claim survives the present attack, the bad faith claim will also survive, given the narrow scope (bad faith goes out because contract claim goes out) of defendant's present argument.

That, obviously, does not preclude another look at the bad faith claim at the summary judgment stage.

Accordingly, defendant's Motion for Judgment on the Pleadings is **GRANTED** to the extent it seeks judgment on the pleadings with respect to plaintiff's negligence claims (simple negligence and gross negligence). Those claims are dismissed with prejudice. The motion is **DENIED** to the extent it seeks judgment on plaintiff's breach of contract and bad faith claims. The stay of discovery (doc. no. 29) expires with entry of this order.

DATED this 9th day of October, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0247p009 rev .docx