IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RIVERBEND LAND, LLC, | ) |
|              Plaintiff, | ) |
| -vs- | ) Case No. CIV-18-247-F |
| FIRST AMERICAN TITLE INSURANCE COPANY, | ) |
|              Defendant. | ) |

**ORDER**

Defendant, First American Title Insurance Company, has filed a motion for summary judgment. Doc. no. 98. In addition to filing a response to that motion, plaintiff, Riverbend Land, LLC, has filed a motion seeking to strike certain evidence attached to defendant's motion. Doc. no. 111. Defendant has responded to plaintiff's motion, doc. no. 114, and the time for plaintiff to file a reply brief has expired. The matter is at issue.

Exhibits 2 and 3

Plaintiff requests the court to strike Exhibit 2, entitled "Owner's Policy of Title Insurance" (Policy Number: O-1399228) ("Policy"), which includes an "Exhibit 'A'" to "Schedule A" describing the land referred to in the Policy, and Exhibit 3, entitled "Endorsement Attached to Policy No. M-866887." Doc. nos. 98-2; 98-3. The reason for the request, plaintiff asserts, is that the exhibits have not

been authenticated as required by Rule 901, Fed. R. Evid.[1] However, as pointed out by defendant, Rule 56(c), Fed. R. Civ. P., allows a party only to object to material that "cannot be presented in a form that would be admissible in evidence," not that such evidence has not been presented in an admissible form. Plaintiff has not argued that Exhibit 2 or Exhibit 3 to defendant's motion cannot be presented in an admissible form. Thus, the court rejects plaintiff's authenticity challenge. *See*, Great Plains Oilfield Rental, L.L.C. v. Aerotek, Inc., CIV-15-928-F, 2016 WL 11499592, at *2 (W.D. Okla. Oct. 14, 2016).

Plaintiff also objects to Exhibit 3 on the grounds of relevance and unfair surprise. The court rejects these challenges. Defendant has sufficiently demonstrated satisfaction of the test for relevance set forth in Rule 401, Fed. R. Evid. And plaintiff has not convinced the court that the probative value of the exhibit is substantially outweighed by the danger of unfair prejudice so as to require the exhibits exclusion under Rule 403, Fed. R. Evid. Further, it appears that the exhibit was produced to plaintiff before the filing of its summary judgment motion, eliminating any alleged unfair surprise.

Exhibits 9, 10, 12, and 16

Plaintiff also requests the court to strike the deposition testimony of John Laird attached as Exhibit 9 to defendant's motion to the extent Mr. Laird describes

---

[1] Plaintiff represents that Exhibit 2 purports to be a copy of the Policy issued by defendant to plaintiff. However, according to plaintiff, that copy is not the same copy of the Policy it has attached to its summary judgment response, which was produced by defendant in this action, and which was possessed in plaintiff's files. Specifically, plaintiff represents that "Exhibit 'A'" attached to "Schedule A" is not included in the Policy that was produced and that it possesses, and defendant has not established in its motion that the Policy it has proffered is the true and correct copy of the Policy. Defendant represents that it is unclear whether "Exhibit 'A'" was inadvertently excluded from the transmittal letter from defendant's Kansas City office, or whether it was inadvertently excluded during Riverbend's or its counsel's copying of that transmittal letter. Defendant represents that the copy of the Policy it has proffered was the copy of the Policy contained in its files and it has submitted an affidavit of Jennifer S. Jones in its summary judgment reply to authenticate the Policy.

out-of-court statements allegedly made by Eric Lair on behalf of the Oklahoma Turnpike Authority (OTA) and letters from defendant to plaintiff attached as Exhibits 10, 12 and 16, to the extent they purport to restate what the OTA or Mr. Lair allegedly stated.  The reason for the request, plaintiff asserts, is that the submitted evidence constitutes hearsay within hearsay.  It points out that neither Mr. Lair nor any other representative of OTA has been deposed in this case and neither Mr. Lair nor any other representative of OTA has been listed by defendant as a witness for trial.  Consequently, plaintiff asserts that defendant will be unable to introduce the alleged out-of-court statements at trial.

Defendant counters that the testimony and documents plaintiff seeks to strike are not inadmissible hearsay because they are not offered for the truth of the matter asserted—that "the OTA was *in fact* denying access to Memorial for public safety reasons."  Doc. no. 114, ECF p. 4 (emphasis in original).  Rather, defendant asserts that the testimony and documents are offered to establish that defendant "*understood* the OTA to be denying access to Memorial for public safety reasons, after speaking with its representative."  *Id.* (emphasis in original).

The court rejects plaintiff's challenge to Exhibits 9, 10, 12, and 16.  It appears to the court that the challenged testimony and documents are being not proffered for the truth of the matter asserted.  Instead, they are being offered for the effect those out-of-court statements had on defendant.  *See*, Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1434 (10th Cir. 1993) ("Statements offered for the effect on the listener . . . are generally not hearsay.").

Exhibit 15

Plaintiff further requests the court to strike Exhibit 15—Expert Report of J. Bushnell Nielson—because defendant failed to identify the specific statements from the pages cited of that exhibit which purportedly supports its factual assertions in the summary judgment motion.  In addition, it objects to the portions of Mr.

Bushnell's report in those cited pages which summarize or interpret case law, asserting that legal conclusions are the province of the court and expert testimony may only assist in the determination of fact issues.

The court rejects plaintiff's challenge to Exhibit 15. Although defendant cites portions or entire subsections of section IV of Mr. Nielson's report (specifically, A, B, C, and G), rather than the specific statements supporting the factual assertions or arguments made by defendant, the court opines that it will be able to determine from the subsections cited whether the factual assertions or arguments made by defendant are in fact supported. As to the relevance of the citation and explanation of case law in the report, the court notes that plaintiff has not filed a Daubert motion to exclude Mr. Nielsen's testimony. And plaintiff has not designated the citations and explanations of case law to which it specifically objects. Further, although "[i]n no instance can a witness be permitted to define the law of the case[,]" a "witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." Specht v. Jensen, 853 F.2d 805, 809-10 (10th Cir. 1988). The court is satisfied that in adjudicating defendant's summary judgment motion, it can adequately determine whether defendant is attempting to define the law of the case through Mr. Nielsen, and, if so, disregard that testimony.

For the reasons stated, Plaintiff's Motion to Strike Evidence Attached to Defendant's Motion for Summary Judgment (doc. no. 111) is **DENIED**.

DATED this 11th day of July, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0247p024.docx