## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RIVERBEND LAND, LLC,                )
                                    )
          Plaintiff,                )
                                    )
-vs-                                )     Case No. CIV-18-247-F
                                    )
FIRST AMERICAN TITLE                )
INSURANCE COMPANY,                  )
                                    )
          Defendant.                )

## ORDER

In this removal action, plaintiff Riverbend Land, LLC (Riverbend) asserts claims against defendant First American Title Insurance Company (First American) for breach of a title insurance policy and breach of the implied duty of good faith and fair dealing. First American moves for summary judgment under Rule 56(a), Fed. R. Civ. P., on both claims. Doc. no. 98. Riverbend has responded, opposing the requested relief. Doc. no. 107. First American has replied. Doc. no. 113. Upon due consideration of the parties' submissions, the court concludes that First American's motion is without merit and should be denied.

Background

In November 2009, Riverbend purchased two tracts of land in Oklahoma County. First American issued a title insurance policy, in the amount of $1,700,000, covering both tracts of land. In February 2016, Riverbend entered into an agreement to sell a portion of the land (subject property) to Anthony L. Cruse (Cruse) for $2,266,889. The subject property was located at the southwest corner of Memorial Road and Rockwell Avenue (major Oklahoma City thoroughfares). Subsequently,

Riverbend learned through Cruse that the previous owners of the larger tract of land encompassing the subject property had deeded a strip of land, immediately north and east of the subject property, to the Oklahoma Turnpike Authority (OTA), for the purpose of creating a right turn lane on Memorial Road to access Rockwell Avenue. That deed (the Mamosa deed) purported to convey, in addition to the land itself, all abutter's rights with respect to the remaining portion of the grantors' land, thereby creating a potential adverse claim from the OTA restricting all access between the subject property and Memorial Road, as well as a portion of the access to and from Rockwell Avenue.  Riverbend requested OTA to release any claimed interest in the subject property's abutter's rights.  The OTA refused.  In March 2016, Riverbend submitted a claim to First American based on the Mamosa deed and the OTA's claim.  First American denied Riverbend's claim in June 2016.  Thereafter, Cruse terminated the agreement with Riverbend because of the OTA's claim.

In July 2016, Riverbend filed suit in state court against the OTA, claiming the status of bona-fide purchaser for value, with resultant ownership of the abutter's rights.  The state district court ruled in favor of the OTA, finding that Riverbend was not a bona fide purchaser for value because it had constructive knowledge of the Mamosa deed.  On appeal, the state appellate court reversed, ruling that Riverbend did not have constructive notice of the Mamosa deed, and remanded the matter to the state district court.  The OTA's petition for writ of certiorari was denied by the Oklahoma Supreme Court.

On remand, the state district court granted summary judgment in favor of Riverbend in June of 2020, and the OTA appealed that decision.  During the state court litigation, Riverbend negotiated the sale of the subject property to another entity (the buyer).  After the OTA's appeal was filed, Riverbend, the buyer, and the OTA negotiated a settlement under which the buyer was granted designated access to the subject property from Memorial Road and Rockwell Avenue and the OTA

was the acknowledged owner of the abutter's rights with respect to the subject property. The state court litigation against the OTA, as well as the OTA's appeal, were dismissed in March 2022.

This action against First American was commenced in state court while the state court litigation against the OTA was pending. First American removed the action to this court based on the existence of diversity jurisdiction under 28 U.S.C. § 1332. At Riverbend's request, this action was stayed pending final resolution of all appeals or potential appeals in the action against the OTA. Upon the dismissal of the OTA's appeal, the stay of this action was lifted. After the filing of an amended complaint by Riverbend and the completion of discovery, First American filed its summary judgment motion.

Legal Standard

Under Rule 56(a), a "party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Rule 56(a), Fed. R. Civ. P. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. In conducting its review, the court views the evidence and draws reasonable inferences in a light most favorable to Riverbend, the nonmoving party. Shotts v. GEICO General Insurance Company, 943 F.3d 1304, 1314 (10th Cir. 2019). Because the court's subject-matter jurisdiction is based on diversity jurisdiction, the court applies Oklahoma substantive law. *Id*.[1]

---

[1] In addition, the title insurance policy at issue provides that "the court . . . shall apply the law of the jurisdiction where the Land is located to determine the validity of claims against the Title that are adverse to the Insured and to interpret and enforce the terms of this policy." Doc. no. 98-2, ECF p. 4.

Discussion

I.      Breach of contract claim

To recover on its breach of contract claim, Riverbend must establish three elements:  (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach.  Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001).  In its motion, First American does not challenge Riverbend's ability to establish the first and third elements.  Rather, it contends Riverbend cannot establish the second element–breach of contract.  Specifically, First American argues that Riverbend cannot establish a breach of the title insurance policy because the policy provides no coverage with respect to Riverbend's claim.  However, First American's coverage-related arguments, most prominently the assertion that "abutter's rights" amount to an interest in land other than the property to which they are appurtenant (e.g., the land to which the title insurance policy applies) are wholly without merit.

First American's core argument, restated in various ways throughout its briefs, is that the policy term "Land" does not include any property beyond the boundaries of the insured tract as defined in the policy (First American is correct on this point) and that "Land" does not include "any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes [etc.]" (also correct, but irrelevant because abutter's rights are inherent in the insured fee simple title).  Doc. no. 98-2, Schedule A; doc. no. 98, at 3.  First American thus contends that by its clear terms, the policy does not apply to any general "abutter's rights" the property owner, such as Riverbend, might have in adjacent roads or streets.  Instead, it "limits coverage to property within the boundary lines of the area described in Schedule A and Exhibit A thereto, and explicitly excludes any broader rights or interests to abutting property."  Doc. no. 98, ECF p. 21 (emphasis omitted).

However, First American does not dispute that the estate or interest in the property that Riverbend purchased and that the title insurance policy insured was fee simple.  *See*, doc. no. 98-2, ECF p. 5 ("The estate or interest in the Land that is insured by this policy is:  Fee Simple.").  Under Oklahoma law, that fee simple estate or interest included abutter's rights.  *See*, State ex rel. Department of Highways v. Allison, 372 P.2d 850, 851 (Okla. 1962) ("The right to 'access, light, air or view' constitutes 'abutters rights' which are now recognized in most jurisdictions.  These rights are in the nature of easements belonging to the owners of property abutting public highways, and they exist regardless of whether the State owns the fee of the highway, or merely an easement therefor.") (citations omitted).  These abutter's rights are "appurtenant" to the property, and they constitute private property of which an owner may not be deprived without just compensation.  *See*, City of Shawnee v. Robbins Bros. Tire Co., 272 P. 457 (1928).  Because the abutter's rights are appurtenant to the property, they are, contrary to First American's assertion, within the boundary lines of the area described in Schedule A and are not rights or interests in the abutting property.[2]  The short of the matter is that Riverbend does not–and need not–assert that it had any interest in any land other than the land it bought in 2009.

This case is plainly distinguishable from Havstad v. Fidelity National Title Ins. Co., 68 Cal.Rptr.2d 487 (Cal. Ct. App. 1997), upon which First American relies for its "Land" coverage argument.  While the title insurance policy at issue in

---

[2] To be sure, "easement" usually connotes an interest in someone else's property, such as a right to enter and traverse that property for some agreed-upon purpose.  It is, thus, unsurprising that, in Allison, the Oklahoma Supreme Court referred to abutter's rights as *in the nature of* easements.  That correct, if slightly loose, characterization detracts not at all from the fact that abutter's rights, unlike most if not all easements, are inherent in the fee simple title to what we would, in the parlance of easements, call the dominant tenement.  Thus, at least as relevant here, an "abutter's right," unlike the typical easement, has no areal extent; it is a right to enter (or leave) a tract by crossing a boundary separating that tract from a public thoroughfare.

Havstad contained a similar definition of covered "land," the plaintiffs in that case claimed coverage under the policy for an implied easement over a tract marked "not a public street" on subdivision maps.  However, as noted by the California court, the "not a public street" tract was "neither a part of nor appurtenant to either of the lots[.]"  *Id*. at 489.

Here, the abutter's rights at issue are a part of and are appurtenant to the subject property under to Oklahoma law.  Therefore, Havstad is not persuasive authority that the title insurance policy issued by First American does not provide coverage for the abutter's rights for the subject property based on the "Land" definition in the policy.

Likewise, the other case relied upon by First American, Ludlow v. Hackett, No. 283189, 2009 WL 1913201 (Mich. Ct. App. July 2, 2009), is distinguishable. In Ludlow, the title insurance policy at issue defined "land" covered by the policy similarly to that in First American's policy.  However, the third-party plaintiffs were claiming the policy provided coverage as to streets and alleys "adjacent" to the property referred to in the policy.

Here, Riverbend is not claiming coverage of any rights or interest in the abutting streets, Memorial Road and Rockwell Avenue.  It is claiming coverage of the abutter's rights as an inherent attribute of the insured fee simple estate. Consequently, Ludlow does not provide persuasive authority for First American's argument that Riverbend's claim is not covered by the policy.

First American also argues–correctly–that Riverbend bears the burden of bringing its claim within the policy's terms.  Riverbend is off to a good start in doing just that, even though it acknowledges the existence of fact issues as to liability under Covered Risks 2(c) (survey coverage) and 3 (Unmarketable Title).  *See*, doc. no. 107, at 25, 26.  Upon review of the evidence and inferences therefrom in a light most favorable to Riverbend, the court readily concludes that Riverbend has raised a

6

genuine issue of material fact whether its claim fell within either section 2(c) or section 3.   The court accordingly concludes that summary judgment is not appropriate on Riverbend's breach of contract claim against First American.

II.   <u>Breach of implied duty of good faith and fair dealing (bad faith) claim</u>

The Oklahoma Supreme Court has stated that "[a]n insurer has an implied-in-law duty to act in good faith and deal fairly with its insured to ensure that the policy benefits are received." <u>Badillo v. Mid Century Ins. Co.</u>, 121 P.3d 1080, 1093 (Okla. 2005) (quotation marks and citation omitted).  The violation of this duty "gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." <u>Christian v. Am. Home Assurance Co.</u>, 577 P.2d 899, 904 (Okla. 1977).  While the Oklahoma Supreme Court has not expressly held this duty is owed by title insurers to their insureds, First American assumes, for purposes of its motion, that such a duty exists.  *See*, <u>Choate v. Lawyers Title Insurance Corporation</u>, 385 P.3d 670, 681 (Okla. Civ. App. 2015) (assuming implied in law duty to act in good faith and deal fairly applies to title insurers).

Save for a cursory assertion (unsupported by developed argument) that there was a legitimate dispute, First American's argument for summary judgment on the bad faith claim is limited to its arguments on the contract issues.  Doc. no. 98, at 23-24; Doc. no. 113, at 11.  First American's central contention here is that Riverbend's bad faith claim must fail because there is no valid claim of contract liability under the title insurance policy.  But, by this order, the court determines that First American is not entitled to judgment as a matter of law on the issue of contract liability.

The court accordingly concludes that First American is not entitled to summary judgment on Riverbend's breach of the implied duty of good faith and fair dealing claim.  Riverbend has raised a genuine issue of material fact as to whether its abutter's rights claim is covered by the policy.  Further, Riverbend has raised a genuine issue of material fact as to whether there was a legitimate coverage dispute

at the time of First American's denial of Riverbend's claim.  The court cautions the parties, however, that First American's defenses to Riverbend's bad faith claim will deserve another hard look at the Rule 50 stage.

Conclusion

Accordingly, Defendant First American Title Insurance Company's Motion for Summary Judgment (doc. no. 98) is **DENIED**.

DATED this 15th day of August, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0247p028.rev.docx

8